IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ALLEN, et al.,            )<br>                                                 )<br>                    **Plaintiffs,**     )<br>                                                 )<br>v.                                            )<br>                                                 )<br>PHILL KLINE, individually and in his   )<br>official capacity as District Attorney of  )<br>Johnson County, Kansas,              )<br>                                                 )<br>                    **Defendant.**    )<br>_____) | **CIVIL ACTION**<br><br>**No. 07-2037-KHV** |

### ORDER

Plaintiffs Michael Allen, Jennifer Barton, Norah Clark, Bryan Denton, John Fritz, Steve Howe, Kristiane Gray and Kendra Lewison bring suit against Phill Kline, individually and in his official capacity as District Attorney of Johnson County, Kansas. Under 42 U.S.C. § 1983, plaintiffs allege that by terminating their employment and refusing to participate in Johnson County's employee grievance process, defendant violated their constitutional rights under the First and Fourteenth Amendments to the United States Constitution. Specifically, plaintiffs claim that defendant has (1) deprived them of property interests in continued employment and the right to a grievance hearing without due process; (2) violated their rights to freedom of association under the First Amendment; and (3) violated their rights to freedom of speech under the First Amendment. This matter is before the Court on plaintiffs' <u>Verified Motion For Restraining Order</u> (Doc. #3) filed January 23, 2007 and defendant's <u>Motion To Strike Affidavits</u> (Doc. #8) filed January 25, 2007. As a preliminary matter, the Court overrules defendant's motion to strike affidavits.[1]  For reasons

---

[1] Defendant asserts that plaintiffs submitted affidavits regarding their skills and
(continued...)

stated below, the Court also overrules plaintiffs' motion for a temporary restraining order.

## Procedural Background

On January 16, 2007, plaintiffs filed suit in the District Court of Johnson County, Kansas. That same day, a state court district judge signed a journal entry which ordered that defendant "participate in, and abide by the results of the grievance hearing . . . and take steps to continue [plaintiffs'] employment and benefits . . . ." Journal Entry, Exhibit F to Doc. #2.

On January 22, 2007, defendant filed a notice of removal in this Court. See Doc. #1. As a result of the removal, the state court order remains in effect but federal law governs the course of future proceedings. See Flying Cross Check, LLC v. Cent. Hockey League, Inc., 153 F. Supp.2d 1253, 1256 (D. Kan. 2001). Under Rule 65(b), Fed. R. Civ. P., the state court order expires on February 5, 2007 (ten business days after the date of removal) unless the Court extends the order up to an additional ten days for good cause shown. See id.

Plaintiffs originally asked the Court to extend the state court order an additional ten days, i.e. to order that for ten additional days, defendant (1) participate in and abide by the results of a grievance hearing under Johnson County policies and procedures and (2) take steps to continue plaintiffs' employment and benefits. On January 29, 2007, the Court held a hearing at which the parties presented oral argument. At the hearing, plaintiffs clarified that they only request a

---

[1](...continued)
integrity in an attempt to smear defendant and to circumvent a state court order which restricts the parties from commenting publicly about the case. See Memorandum In Support Of Motion To Strike Affidavits (Doc. #9) filed January 25, 2007 at 1-2. Plaintiffs respond that defendant questioned their skills and integrity at the state court hearing on January 16, 2007, and that the affidavits relate to the issue of public concern regarding the county's loss of skilled employees. See Plaintiffs' Response To Defendant's Motion To Strike Affidavits (Doc. #10) filed January 26, 2007 at 1-2. The Court agrees with plaintiffs in this regard.

temporary restraining order with respect to procedural due process under the grievance process established by Johnson County policies and procedures. In other words, plaintiffs do not seek a restraining order to enforce any alleged right to continued employment. Therefore the Court need not address the question whether defendant would be required to abide by the results of grievance hearings under Johnson County policies and procedures if they result in decisions favorable to plaintiffs.

## Temporary Restraining Order Standards

A temporary restraining order is a drastic and extraordinary remedy, and courts do not grant it as a matter of right. Paul's Beauty Coll. v. United States, 885 F. Supp. 1468, 1471 (D. Kan. 1995); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2948, at 128-29 & nn.3, 6-7 (2d ed. 1995). A temporary restraining order preserves the status quo and prevents immediate and irreparable harm until the Court has an opportunity to pass upon the merits of a demand for preliminary injunction. See Flying Cross, 153 F. Supp.2d at 1258. Beyond showing that a temporary restraining order will preserve the status quo and prevent immediate irreparable harm until the Court has an opportunity to rule on a demand for preliminary injunction, plaintiffs must establish that (1) they have a substantial likelihood of prevailing on the merits; (2) they will suffer irreparable injury unless the temporary restraining order issues; (3) the threatened injury outweighs whatever damage the proposed restraining order may cause defendant; and (4) the temporary restraining order, if issued, will not be adverse to the public interest. Tri-State Generation & Transmission Ass'n., Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). If the latter three requirements tip strongly in plaintiffs' favor, the Tenth Circuit applies a modified test and plaintiffs may meet the requirements for showing success on the merits by showing that

"questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Fed. Lands Legal Consortium ex rel. Robart Estate v. United States, 195 F.3d 1190, 1195 (10th Cir. 1999). The modified standard, however, does not apply to three types of disfavored preliminary injunctions: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions which afford all the relief which movants could obtain after a full trial on the merits. See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 977 (10th Cir. 2005). Such disfavored injunctions "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Id. at 975.[2]

**Facts**

Based on the record evidence, the Court makes the following findings of fact:

Plaintiffs Allen, Barton, Clark, Fritz, Gray, Howe and Lewison worked as attorneys in the office of the Johnson County District Attorney. Denton worked as chief investigator in the same office. All were exemplary employees with outstanding performance records. On January 8, 2007, defendant Phill Kline took office as District Attorney of Johnson County, Kansas. Early that day, Eric K. Rucker, Chief Deputy District Attorney, notified plaintiffs that their employment was terminated. On January 10, 2007, plaintiffs gave defendant dispute resolution forms which requested grievance hearings under Johnson County policies and procedures. Two days later, on January 12, 2007, defendant notified Johnson County that he would not abide by county policies or

---

[2] The Court need not address what standard applies because plaintiffs are not entitled to relief under the lower, modified standard which applies to injunctions which are not disfavored.

participate in the dispute resolution hearing process.

Pursuant to Johnson County policy, plaintiffs will not be eligible for re-hire by the county unless the termination decisions are reversed and their personnel records are corrected to reflect that they are eligible for re-hire.

Johnson County has established human resources policies and procedures which to the fullest extent possible apply to all employees, including elected officials, civil service employees and appointed officials. See Policy 102, Plaintiffs Exhibit 17b. The policies provide detailed procedures for corrective action regarding performance issues, beginning with initiating and structuring corrective action, followed by coaching, a performance improvement plan, final performance management plan and demotion or transfer, and ending with termination of employment. See Procedure 410-2, Plaintiffs Exhibit 17f. With regard to termination of employment, the policy states as follows:

> An employee may be terminated from employment with the County due to job performance issues when those issues are severe, when the impact upon the department/agency is substantial, when the performance issues have been addressed on multiple occasions, or when the employee has not demonstrated a willingness or ability to improve his/her performance. In addition, an employee will be terminated from employment with the County due to performance issues when the performance improvement process has been fully utilized and sufficient improvement has not been achieved by the employee.

Id.[3]

Johnson County provides a dispute resolution procedure under which employees may request review of a dispute concerning adverse employment action. See Policy 413, Plaintiffs Exhibit 17g. Under the policy, if an employee believes that he or she has been unfairly discharged, the employee

---

[3] The policy also contains disclaimers that employees are at will and that no contract of employment exists between the county and its employees. See Plaintiffs Exhibit 17a.

may request review of the action by filing a dispute resolution request form which sets forth the basis for his or her belief that the action is unjust, unfair or inconsistent with county policy.  See Procedure 413-1, Plaintiffs Exhibit 17h.  Within five days of the adverse action, the employee must provide the form to his or her department/agency leader, who shall immediately notify and forward the form to the department of human resources, along with the department/agency's written response to the complaint.  See id.  The policy directs human resources to schedule an administrative review panel within 10 business days, but states that human resources may extend the time limits for good cause at any time.  See id.  The administrative panel may uphold, modify or reverse the action and such decision shall be final.  See id.

With regard to the hearing procedure, the policy states as follows:

a. The hearings conducted pursuant to this Procedure shall be of an informal nature.

b. The Panel will conduct a fair and impartial hearing.

c. A representative of the Legal Department and a representative of the Department of Human Resources shall attend hearings to advise and assist the decision-maker(s) and facilitate the presentation and exchange of information.

d. Ordinarily, the department/agency, then the employee, may present any information, statements, documents, witnesses or evidence that they wish the Panel to consider.  The Panel, department/agency representative, the employee, and the representatives of the Legal and Human Resources Departments may ask questions of any of the participants to clarify the issues.

e. The department/agency and the employee may make a brief final statement summarizing their respective positions.

f. The employee has the right to representation at the hearing.  If an employee is represented by counsel, he/she shall notify the Department of Human Resources prior to the hearing.

      g.      The parties shall be courteous and maintain decorum at all times.

Id.

## Analysis

For purposes of their motion, plaintiffs claim that Johnson County policies and procedures, combined with past custom and practice, give them the right to a grievance hearing upon termination of employment. Plaintiffs assert that by refusing to participate in the grievance hearing, defendant has deprived them of that right without due process and that as a result, they will suffer irreparable harm. Defendant responds that as district attorney, he is a state official and county policies and procedures do not apply to him.

On this record, the Court need not address even preliminarily whether county policies and procedures apply to defendant. Even if they do apply, plaintiffs have not shown that defendant has deprived them of any right to a grievance hearing. Plaintiffs' complaint centers on the fact that defendant has informed the county that he will not abide by county policies or participate in the dispute resolution hearing process. Plaintiffs, however, have not shown that defendant has deprived them of any right to such hearing. On receipt of the dispute resolution requests, defendant's only obligation under county policy was to "immediately provide the Department of Human Resources with a copy of the Dispute Resolution Request Form . . . with a copy of the department/agency's written response to the complaint." Procedure 413-1, Plaintiffs Exhibit 17h. Nothing in the record suggests that defendant has refused to submit the forms, so it would seem that the ball is in the hands of the Johnson County human resources department – so to speak – to schedule and proceed with

7

the hearings.[4] County policy apparently contemplates that the "department/agency" (in this case, the District Attorney's office) will participate in the grievance hearing. See Procedure 413-1 ¶ (B)(2)(d) and (e). The policy does not state that such participation is mandatory, however, or that the county will not hold a hearing in the event that the department/agency refuses to participate.

Nothing in the record suggests that Johnson County has denied plaintiffs' request for hearings on their grievances. In fact, it appears that the county is free to proceed with the hearings, with or without defendant's participation.[5] Defendant is certainly entitled to default his right to participate and nothing in the record suggests that defendant's refusal to participate in the hearings will irreparably injure plaintiffs. Conversely, plaintiffs' position may stand to benefit from his absence. Until such time as the county refuses to hold the requested hearings, however, or defendant refuses to abide by results which are favorable to plaintiffs, plaintiffs' request for injunctive relief is premature.[6]

**IT IS THEREFORE ORDERED** that plaintiffs' Verified Motion For Restraining Order (Doc. #3) filed January 23, 2007 be and hereby is **OVERRULED.**

---

[4] The record does not suggest that defendant has refused to submit the forms, or his response, or taken other action which would prevent the county from conducting the hearings. The Court notes that even if defendant believes that the county human resources policies do not apply to him, the District Court of Johnson County ordered him on January 16, 2007 to participate in the process. At a minimum, this order required him to transmit the papers necessary for hearings to be scheduled. The Court assumes that as a state law enforcement official, defendant complied with the order long before now. If not, plaintiffs shall so notify the Court in writing by the close of business on February 2, 2007.

[5] The state court ordered that the grievance hearings "shall not occur until after further review by the Court." Journal Entry, Exhibit F to Doc. #2. The Court conducted such review and Johnson County is free to proceed with the hearings.

[6] If Johnson County refuses to hold hearings, plaintiffs' recourse may be against the county, rather than against defendant.

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Strike Affidavits</u> (Doc. #8) filed January 25, 2007 be and hereby is **OVERRULED.**

Dated this 1st day of February, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge