IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-2037-KHV |
| ) | |
| PHILL KLINE, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This case comes before the court on the motion of the defendant, Phill Kline, for leave to file a separate motion for protective order and related documents under seal (**doc. 49**). The instant motion indicates the plaintiffs, Michael Allen, Jennifer Barton, Norah Clark, Bryan Denton, John Fritz, Steve Howe, Kristiane Gray, and Kendra Lewison, have no objection to seal the record in the limited manner requested. Nevertheless, for the reasons explained below, the court respectfully denies the motion to seal.

For the sake of decorum, instead of getting into any detail, the court simply notes here that the predicate allegation of the underlying motion for protective order is that a "third-party has tampered with Defendant's witnesses." Defendant's motion to seal asserts that, "[i]f left unaddressed, the witness tampering may affect the integrity of these judicial proceedings." Defendant seeks leave to file the underlying motion for protective order under seal on the grounds the circumstances giving rise to the request for a protective order are "of a very serious nature and the disclosure of such information may cause grave harm." The

harm is unspecified in the motion to seal. But indulging defendant the benefit of the doubt, the court infers the only "grave harm" would involve embarrassing the witness who has been the subject of alleged tampering.

Defendant's papers, conspicuously so, cite no legal authority with regard to the standards that govern motions to seal the record or, for that matter, what constitutes witness tampering. On the former, limited procedural issue, the court does not write a clean slate. The following discussion from *Bryan v. Eichenwald,* 191 F.R.D. 650 (D. Kan. 2000) (Rushfelt, M.J.), is instructive and persuasive in analyzing the matter at hand:

> That the parties all agree to the requested protective order does not dispense with the requirement to show good cause. The "law requires" the court to make a determination of good cause, before entering a protective order that seals "any part of the record of a case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir.1999) (citations omitted). Although a litigant may have a property or privacy interest that requires protection from unnecessary dissemination or disclosure, the public has an interest in everything that occurs in the case, whether at trial or during the discovery stage of litigation. To protect the interest of the public, parties seeking to seal documents relating to discovery must demonstrate good cause for such action. Good cause to override the public's interest in the case by sealing a part or the whole of the record of the case generally does not exist unless a property or privacy interest of a litigant predominates the case. *Id.* at 945. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Id.* (citations omitted). The determination of good cause cannot be left to mere agreement of the parties.
>
> In a non-discovery context, furthermore, this court has addressed the propriety of sealing the record in a case. *See Ramirez v. Bravo's Holding Co.*, No. Civ.A. 94-2396-GTV, 1996 WL 507238, at *1 (D.Kan. Aug.22, 1996) (addressing the matter nine to ten months after dismissing the action on stipulation of the parties). *Ramirez* states in pertinent part:

> Federal courts recognize a common-law right of access to judicial records, although that right is not absolute. Whether to allow access at the district court level is left to the discretion of the district court, which has supervisory control over its own records and files. In exercising that discretion, the district court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record. The public has an interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest." Courts have denied access in cases in which the court files have been sought for improper purposes such as promoting public scandal or harming a business litigant's competitive standing.

*Id.* (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) among other cases). Unless a party establishes a "public or private harm sufficient to overcome the public's right of access to judicial records," the court declines to seal any part of the record in the case. *Id.* "The fact that all litigants favor sealing the record is of interest, but not determinative." *Id.*

> Although cognizant of the inapplicability of Fed.R.Civ.P. 26(c) in non-discovery contexts and recognizing the differing contexts of *Ramirez* and *Citizens First Nat'l Bank*, the court, nevertheless, views the standards for permitting documents to be filed under seal to be the same regardless of the stage of litigation the issue arises. At the discovery stage, the court may speak in terms of "good cause." At other stages, the court may simply refer to its discretion to supervise its own records and files. At whatever stage of the litigation, however, the movant must demonstrate a public or private harm sufficient to overcome the public's right of access to judicial records.

*Id.* at 652-53. *See also Williams v. Sprint/United Management Co.*, 222 F.R.D. 483, 489 (D. Kan. 2004) (Lungstrum, J. ) (citing *Bryan*).

Upon review of the instant motion and the underlying motion and attachments, it is clear *none* of the parties to this case would be harmed in any legally significant way by

leaving the entire record open to the public.  It does appear there may be negative *political* consequences for the non-party whom defendant has accused of witness tampering, and quite possibly for defendant as well.  But such political consequences do not amount to a public harm that would be suffered if the underlying motion were filed on an unsealed basis.  And, even assuming for the sake of discussion there is any *private* harm (e.g., embarrassment of the witness who has been the subject of the alleged tampering), the court finds harm to be strongly outweighed by the public's right of access to judicial records.

Of course, the court's findings just above are not intended and should not be construed as implicitly approving witness tampering, if indeed any has occurred here.  That issue is for another day.  *If* defendant decides to proceed further, entry of a protective order, even if unopposed by plaintiffs, presumably would require sworn, in-court testimony by the witness and by the non-party accused by defendant.

As defendant decides whether to re-file his motion on an unsealed basis, the court would respectfully question whether a formal protective order is necessary.  That is, as a practical matter, the court would need to be convinced there is some reason to believe an informal request by defendant to cease contact with the subject witness would not be honored by the non-party.

In sum, based on the scant record presented, the court cannot find the purpose of the underlying motion is to promote a public scandal or harm the witness involved in the alleged tampering. It follows that defendant has not shown good cause to seal the record. Therefore, defendant's motion to seal **(doc. 49)** is denied.  Should defendant wish to pursue the motion

for protective order, he must do so without that motion being sealed. If defendant so proceeds, even though plaintiffs have indicated they have no objection to the requested protective order, defendant shall contemporaneously provide the non-party with a copy of the motion for protective order (and all supporting documents), so the latter has a reasonable opportunity to contest the motion on the merits.

IT IS SO ORDERED.

Dated this 13th day of November, 2007 at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge